UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOHRAB EZAZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BAYVIEW LOAN SERVICING, LLC,<br><br>　　　　　Defendant. | Case No. 5:17-cv-00821-EJD<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 7 |

Sohrab Ezaz ("Plaintiff") filed this action against Defendant Bayview Loan Servicing, LLC ("Bayview") on February 17, 2017, alleging several causes of action, including violations of California Civil Code § 2923.6 and the California Homeowner Bill of Rights ("HBOR"). See Compl., Dkt. No. 1. Presently before the court is Plaintiff's *ex parte* Application for a Temporary Restraining Order enjoining Bayview from proceeding with the trustee's sale of Plaintiff's Property, which is presently scheduled for March 1, 2017 at 10:00 a.m. See Dkt. No. 7.

Based on Plaintiff's Application and supporting materials, and for the reasons explained briefly below, the Court GRANTS Plaintiff's request for TRO. The court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

1

Case No.: 5:17-cv-00821-EJD
ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER

## I. BACKGROUND

At all relevant times mentioned herein, Plaintiff has been the owner of the real property located at 6747 Hampton Drive, San Jose, CA 95120 (the "Property"). The Property is a single family home and is Plaintiff's primary residence. Compl. ¶ 6, 7.

Plaintiff asserts that on April 21, 2005, he purchased the Property for $1,100,000.00. Compl. ¶¶ 6, 8; TRO App. ¶ 7. Plaintiff made a down payment of 25% of the purchase price, and obtained a loan of $825,000.00 from Countrywide Home Loans, Inc. ("the Loan") for the remainder. Compl. ¶ 8 and Ex. 1 (Dkt. No. 1-1). The Loan had an adjustable rate, and when the market collapsed approximately four years later, Plaintiff states that he could not refinance or afford the increase in payments. Decl. of Sohrab Ezaz ("Ezaz Decl.") ¶ 5, Dkt. No. 7-4. Accordingly, Plaintiff fell behind on his mortgage payments. Id.; Compl. ¶ 8.

Plaintiff further asserts that on or about January 15, 2017, he submitted "a complete loan modification application to Bayview's loss mitigation department." TRO App. ¶ 8. Plaintiff represents that Bayview accepted his application and assigned him a Single Point of Contact ("SPOC") in connection therewith. Id. However, just over two weeks later on January 31, 2017 - and while Plaintiff's application was purportedly still "under review" - Bayview filed a Notice of Trustee's Sale ("NTS") in the Santa Clara County Recorder's Office. Compl. ¶ 10 and Ex. 2 (Dkt. 1-2); TRO App. ¶ 9. The sale is currently scheduled for 10:00 a.m. on March 1, 2017, which is less than 24 hours from the date and time this order issued. See id.

## II. LEGAL STANDARD

The standard for issuing a TRO is the same as that for the issuance of preliminary injunction. See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977). Thus, a TRO, like a preliminary injunction, is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. NRDC, Inc., 555 U.S. 7, 22 (2008).

"To obtain a preliminary injunction, the moving party 'must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary

2
Case No.: 5:17-cv-00821-EJD
ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER

relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest.'" Idaho v. Coeur D'Alene Tribe, 794 F.3d 1039, 1046 (9th Cir. 2015) (quoting Pom Wonderful LLC v. Hubbard, 775 F.3d 1118, 1124 (9th Cir. 2014)).

Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). This articulation represents "one alternative on a continuum" under the "'sliding scale' approach to preliminary injunctions employed" by the Ninth Circuit. Id. at 1131-32.

Whether to grant or deny a preliminary injunction is a matter within the court's discretion. See Miss Universe, Inc. v. Flesher, 605 F.2d 1130, 1132-33 (9th Cir. 1979).

### III.   DISCUSSION

An *ex parte* TRO Application must first satisfy Federal Rule of Civil Procedure 65(b)(1), which demands that the opposing party or parties have been given notice. Plaintiff's TRO Application avers that his counsel provided notice to Bayview and its legal agents on February 26, 2017 by certified mail and by fax, as well as to Bayview's assigned foreclosure Trustee. See Decl. of Arasto Farsad ("Farsad Decl.") ¶ 3, Dkt. No. 7-3. Thus, the court now turns to substantive requirements for a TRO and the four Winter factors.

#### A.   Irreparable Injury

Courts have repeatedly held that the loss of one's home is sufficient to satisfy the element of irreparable injury. See, e.g., Vazquez v. Select Portfolio Serv'g, 2013 WL 5401888, at *2 (N.D. Cal. 2013), Tamburri v. Suntrust Mortg., Inc., 2011 WL 2654093, at *2 (N.D. Cal. 2011); Washington v. National City Mortg. Co., 2010 WL 5211506, at 15 (N.D. Cal. 2010); Bever v. Cal-W. Reconveyance Corp., 2011 WL 5102759, at *2 (E.D. Cal. 2011). Here, if the foreclosure sale proceeds and is successful, Plaintiff and his family could lose their home, which has been the family's primary residence since 2005. The court concludes that this potential loss is more than sufficient to show that Plaintiff is likely to suffer irreparable injury if no temporary restraining

order were issued.

### B. Balance of Hardships

The balance of hardships also tips decidedly in favor of Plaintiff.  As the court noted in Tamburri, "it is hard to conceive of a serious hardship to Defendants [were a TRO to issue] ... because any security they have in the real property would still remain," provided the security is valid.  Tamburri, 2011 WL 2654093, at *2.  On the other hand, were the foreclosure sale to proceed absent a TRO from this court, Plaintiff and his family may lose their property and home. "Such a balance between the interests of the homeowner and the party seeking to foreclose augurs strongly in favor of the homeowner."  Castellanos v. Countrywide Bank NA, 2015 WL 914436, at *2 (N.D. Cal. 2015); see also Cottrell, 632 F.3d at 1131.

### C. Likelihood of Success on the Merits

To establish a likelihood of success on the merits, it not necessary for the moving party "to prove his case in full," or show that he is "more likely than not" to prevail.  Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981); Leiva-Perez v. Holder, 640 F.3d 962, 966 (9th Cir. 2011). Instead, the moving party must demonstrate a "fair chance of success on the merits" or raise questions "serious enough to require litigation."  Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1978).  "No chance of success at all, however, will not suffice."  Id.  In the instant case, Plaintiff alleges that Bayview violated California Civil Code § 2923.6 and the California HBOR when it recorded the NTS and sought to conduct a trustee's sale while Plaintiff's first lien loan modification application was pending. Compl. ¶ 15 TRO App. ¶ 19.

California Civil Code § 2923.6(c) provides that

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:

4

Case No.: 5:17-cv-00821-EJD
ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER

> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.
>
> (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.
>
> (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

If a borrower's first application for a loan modification is denied, the borrower must also be provided at least 30 days to appeal the decision before the loan servicer may record a notice of default or notice of sale, or conduct a trustee's sale. §§ 2923.6 (d)-(f). The purpose of this statue is to "prohibit deceptive and abusive home foreclosure practices," such as dual tracking, which "occurs when a financial institution continues to pursue foreclosures even while evaluating a borrower's loan modification application." Clinton v. Select Portfolio Serv'g, Inc., 2016 WL 7034895, at *5 (E.D. Cal. 2016) (quoting Foronda v. Wells Fargo Home Mortgage, Inc., 2014 WL 6706815, at *6 (N.D. Cal. 2014)).

Section 2923.6's prohibition against dual tracking is "given teeth" by section 2924.12, which "provides remedies for a violation of section 2923.6 or other specified provisions of the statutory scheme." Monterossa v. Superior Court of Sacramento Cty., 237 Cal. App. 4th 747, 753, (2015), reh'g denied (July 6, 2015). Section 2924.12(a) provides,

> (1) If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17.
>
> (2) Any injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent has corrected and remedied the violation or violations giving rise to the action for injunctive relief. An enjoined entity may move to dissolve an injunction based on a showing that the material violation has been corrected and remedied.

Cal. Civ. Code § 2924.12(a); see also Monterossa, 237 Cal. App. 4th at 753. Accordingly, courts have granted injunctive relief where the borrower makes a preliminary showing that a loan servicer has failed to comply with the relevant statutory foreclosure provisions.

5

Case No.: 5:17-cv-00821-EJD
ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER

Here, Plaintiff has submitted a declaration stating that

> On or about January 15, 2017, I submitted a complete loan modification application to Defendant, Bayview Loan Servicing, LLC, though their loss mitigation department. They confirmed receipt of my application and immediately assigned a Single Point of Contact ("SPOC") to assist me. My SPOC told me they would not proceed with a foreclosure sale so long as I worked with them on my application. He also stated that the Defendant wanted to help me keep my home.

Ezaz Decl. ¶ 5. Notwithstanding the pending status of his application, Plaintiff contends Bayview then "filed a Notice of Trustee's Sale and set a foreclosure sale date of March 1, 2017." Id. ¶ 6.

For pleading purposes, the court must accept Plaintiff's allegations as true. Accordingly, Plaintiff has plausibly alleged that Bayview recorded the NTS and sought to conduct a Trustee's Sale while Plaintiff had a complete first loan modification application pending, in violation of § 2923.6(c) and the HBOR. The court notes that Bayview's present alleged failure to comply with § 2923.6 will not necessarily preserve a private right of action going forward, as Bayview could undertake the required statutory steps before the litigation reaches the merits phase.[1] However, for the purposes of the instant TRO Application, Plaintiff has satisfied his burden as to the likelihood of success on the merits. See Clinton, 2016 WL 7034895 at *5 (finding that a borrower sufficiently alleged that servicer violated § 2923.6(c) and HBOR where he alleged that the defendant had recorded a NTS while the first loan modification application was pending); Monterossa, 237 Cal. App. 4th at 750 (reviewing with approval superior court's grant of a preliminary injunction enjoining the trustee's sale of petitioners' home where petitioner had

---

[1] As the appeals court explained in Monterossa:

> As an example, in this case the respondent court found petitioners' showing to be undisputed that real parties "dual tracked" petitioners in violation of section 2923.6 by recording a notice of trustee's sale while petitioners' first lien loan modification application was pending. Rather than wait for trial on petitioners' claim for a permanent injunction, real parties could simply comply with the statutory scheme and then, if necessary, move to dissolve the preliminary injunction in order to record a new notice of trustee's sale.

237 Cal. App. 4th at 754-55.

6
Case No.: 5:17-cv-00821-EJD
ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER

1  submitted a loan modification agreement but the servicer proceeded to recorded a notice of

2  trustee's sale on the property in violation of § 2923.6); see also Vazquez, 2013 WL 5401888, at *3

3  (finding that in the case of a wrongful foreclosure TRO application, "[g]iven that the balance of

4  hardships tips sharply in Plaintiff's favor, Plaintiff need only show serious questions going to the

5  merits in order to obtain a temporary restraining order.").

### D. Public Interest

Courts have consistently recognized and held that "it is in the public interest to allow homeowners an opportunity to pursue what appear to be valid claims before being displaced from their homes." Sencion v. Saxon Mortg. Servs., LLC, 2011 WL 1364007, at *1 (N.D. Cal. Apr. 11, 2011); Vazquez, 2013 WL 5401888, at *3. Plaintiff has therefore met the fourth Winter factor.

## IV. ORDER

Based on the foregoing, the court finds that Plaintiff has sufficiently satisfied the Winter factors and, given how heavily the balance of hardships tip in his favor, concludes that it would be in the public interest for a TRO to issue here.  Thus, the court hereby GRANTS Plaintiff's *ex parte* Application (Dkt. No. 7), and orders as follows:

1. Plaintiff shall **immediately** serve her Application and Order upon Defendant Bayview, and file a certificate of service thereafter. This Order **shall have no effect unless** Plaintiff files a certificate of service **by 9:00 a.m. on March 1, 2017**.

2. The Court HEREBY PROHIBITS Defendant Bayview from proceeding with the sale of 6747 Hampton Drive, San Jose, CA 95120, currently scheduled to take place at the North Market Street entrance to the County Courthouse, 191 North Market Street, San Jose, CA 95113 on March 1, 2017 at 10:00 a.m., until further order by the court.

3. The court finds, pursuant to Rule 65(c), that there is no likelihood that Defendant will be wrongfully enjoined or restrained by the issuance of this TRO, and therefore does not require Plaintiff to give security.

4. To provide Defendant adequate time to prepare a response to Plaintiff's TRO Application, and so the court has adequate time to review that response, the court finds pursuant to

1  Rule 65(b)(2) that good cause exists to extend the expiration date of this Order to **Tuesday March
2  14, 2017**, at the time of the conclusions of the hearing on this order.

3       5.     Defendant Bayview is HEREBY ORDERED TO SHOW CAUSE in writing why a
4  preliminary injunction should not issue, no later than **March 7, 2017**.  The court will hold a
5  hearing on this Order to Show Cause **on Tuesday, March 14, 2017 at 10:00 a.m.**, in Courtroom
6  4, 5th Floor, 280 South 1st St., San Jose, CA 95113.

8       **IT IS SO ORDERED.**
9  Dated: February 28, 2017



EDWARD J. DAVILA
United States District Judge

8
Case No.: 5:17-cv-00821-EJD
ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER